## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER <br><br> Plaintiff, <br><br> V. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY <br><br> and <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT <br><br> Defendants. | Civil Action No. 1:18-cv-01725 <br><br> JURY DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      Plaintiff Southern Poverty Law Center ("SPLC") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendants U.S. Department of Homeland Security ("DHS"), and DHS' component agency, U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants").

2.      On January 23, 2018, SPLC submitted a FOIA request to ICE seeking specific information related to coordination efforts, including so-called "Basic Ordering Agreements," between ICE and local authorities or law enforcement agencies ("the Request").

3.      More than five months have passed since SPLC submitted the Request. To date, Defendants have failed to produce a single document in response to the Request and have ceased communicating with SPLC regarding the status of that Request. In short, Defendants have wholly failed to comply with their obligations under FOIA. SPLC files this lawsuit to compel the production of the documents and information it seeks.

# I.
# PARTIES

4.      Plaintiff SPLC is a non-profit organization dedicated to fighting hate and bigotry and to seeking justice for the most vulnerable members of our society.  Through the use of public education, litigation, and other forms of advocacy, SPLC works toward a vision of equal justice and equal opportunity.  SPLC has a longstanding commitment to defending the rights of immigrants, and it provides free legal representation to immigrants who have suffered violations of their civil rights.  SPLC submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

5.      Defendant DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States.  On information and belief, DHS (whether for itself or via its component agency, ICE) has possession of and control over the documents and information requested by SPLC under FOIA.

6.      Defendant ICE is a component agency of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  ICE is the component agency of DHS responsible for the enforcement of federal laws governing border control, customs, and immigration.  ICE has possession of and control over the documents and information requested by SPLC under FOIA.

# II.
# JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346.  This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8.      This Court has personal jurisdiction over each of the Defendants because each Defendant is conducting business and maintaining operations in this District.

WEST\282270978.3

9.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which provides for the hearing of FOIA cases in, among other proper venues, the district in which responsive records may be found, and in the District of Columbia.

10.      Injunctive relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

### III.
### STATUTORY FRAMEWORK

11.      Any member of the public may request records from an agency of the United States under FOIA.  An agency that receives a FOIA request must respond in writing to the requestor within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).  In its response, the agency must: inform the requestor as to whether it intends to comply with the request; provide reasons for its determination; and inform the requestor of his or her right to appeal the determination. FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days."  5 U.S.C. § 552(a)(6)(B)(i).

12.      A FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within statutory time limits.  5 U.S.C. § 552(a)(6)(C)(i).

13.      FOIA requires an agency to disclose in a timely manner, in response to a FOIA request, all records that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. § 552 (a)(3)(A); 5 U.S.C. § 552(b)(1)-(9).  FOIA also requires an agency to make a reasonable search for responsive records.  5 U.S.C. § 552(a)(3)(C).

14.      Upon a requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure.  5 U.S.C. § 552(a)(4)(B).

WEST\282270978.3

## IV.
## FACTUAL BACKGROUND

15.     On or about January 17, 2018, ICE issued a press release announcing a "new enforcement partnership" with 17 Florida sheriffs.  According to the ICE press release, the 17 counties participating in the partnership would enter into "Basic Ordering Agreements" with ICE, under which the counties would hold individuals who have been arrested and who are suspected of being deportable for a 48-hour period and be reimbursed by ICE.

16.     Federal courts across the country have concluded that local enforcement of immigration detainers—requests made by ICE that local law enforcement authorities hold individuals under arrest who would otherwise be eligible for release—is unconstitutional.  ICE and Florida sheriffs have claimed that this new partnership protects local law enforcement from incurring liability for constitutional violations.  However, without more information, it is difficult for SPLC (and other educational and advocacy organizations) to determine whether these Basic Ordering Agreements comply with the Fourth Amendment's protection against being held without probable cause.

## V.
## THE FOIA REQUEST

17.     On January 23, 2018, SPLC submitted the FOIA Request to ICE.  The Request, assigned Case Number ICE-2018-17869, was narrow, targeted, and detailed.  It seeks records related to, among other things, Basic Ordering Agreements between ICE and local authorities or law enforcement agencies ("the Request").  A copy of the Request is attached as Exhibit 1 to this Complaint.

18.     Specifically, the Request stated that SPLC seeks:

- Any and all documents, including memoranda, policies, meeting notes and correspondence referencing the process for local law enforcement agencies to

hold detainees of Immigration and Customs Enforcement (ICE) and aliens arrested on local criminal charges under the color of federal authority

- Any and all documents, including memoranda, policies, and correspondence referencing Basic Ordering Agreements;

- Any and all documents, including memoranda, policies, correspondence, and meeting notes referencing the use of Basic Ordering Agreements for detention of ICE detainees and aliens arrested on local criminal charges; and

- Any and all agreements, contracts, or memoranda [of] understanding, budgets and/or invoices with ICE regarding payment for holding ICE detainees and aliens arrested on local criminal charges that exist within the state of Florida.

Ex. 1. at 1.  The Request was confined to the time period of July 2017 to the present day.  *Id.*

19. SPLC requested a waiver of all fees for the Request because disclosure of the requested information was in the public interest and not in SPLC's commercial interest.  Ex. 1 at 1-2.  *See* 5 U.S.C. § 552(a)(4)(A).   Numerous news accounts reflect the strong and sustained public interest in the records the SPLC seeks.  The records sought in the Request will significantly contribute to public understanding of the operations or activities of the government.  *See id.* § 552(a)(4)(A)(iii).

20. By email dated March 6, 2018 (the "ICE Email"), ICE acknowledged that it had received the Request on February 2, 2018.  This email is attached hereto as Exhibit 2.  The ICE Email granted SPLC's request for a fee waiver and invoked the 10-day extension option as provided in the FOIA statute.  *See* 5 U.S.C. § 552(a)(6)(B).

21. Given ICE's representation that the agency received SPLC's Request on February 2, 2018—along with ICE's invocation of the 10-day extension—ICE was required to respond to the Request on or before March 4, 2018.

22. By letter dated June 11, 2018 (the "June 11, 2018 Letter"), counsel for SPLC contacted the FOIA Public Liaison for ICE to request a status update regarding the Request.

5

23.     By email dated June 29, 2018, counsel for SPLC again contacted the FOIA Public Liaison for ICE, attached the June 11, 2018 Letter, and requested that the parties schedule a call to discuss the Request (the "June 29, 2018 Email").

24.     As of the filing of this Complaint, ICE has not responded to SPLC's June 11, 2018 Letter or June 29, 2018 Email.  SPLC has received no further correspondence from ICE or DHS regarding the status of the Request.

25.     As of the filing of this Complaint, ICE has not produced any documents or records responsive to the Request.

26.     As of the filing of this Complaint, searching for the Request's tracking number (ICE-2018-17869) on the "FOIAOnline" website[1] yields no search results.

27.     Based on the foregoing, ICE has constructively denied the Request.

## VI.
## CAUSES OF ACTION

28.     SPLC re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

29.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(A), by failing to promptly release agency records in response to SPLC's Request.

30.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(C)-(D), by failing to make reasonable efforts to search for records responsive to SPLC's Request.

31.     Defendants have violated FOIA, 5 U.S.C. § 552(a)(6)(A), by failing to timely respond to SPLC's Request.

32.     Because Defendants have failed to comply with the FOIA time-limit provision, SPLC is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

---

[1] https://www.foiaonline.gov/foiaonline/action/public/home.

Defendants have failed to produce records—or even to update SPLC as to the status of the Request—despite SPLC's reasonable attempts to follow up.

33.     Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of FOIA.   SPLC will suffer irreparable injury from, and have no adequate remedy at law for, Defendants' illegal withholding of government documents subject to SPLC's Request.

**VII.**
**PRAYER FOR RELIEF**

For these reasons, Plaintiff Southern Poverty Law Center asks that the Court grant the following relief:

    a.   Enjoin and order Defendants to immediately process and release all records responsive to the Request;

    b.   Award SPLC its costs and reasonable attorneys' fees incurred in this action; and

    c.   Grant such other relief as the Court may deem just and proper.

WEST\282270978.3

Respectfully submitted,

Dated:  July 24, 2018              By:  */s/ Grayson D. Stratton*
                                       _____

                                  Grayson D. Stratton
                                  (D.C. Bar No. 976910)
                                  Brett D. Solberg
                                  (Application for admission *pro hac vice*
                                  forthcoming)
                                  Betsey Boutelle
                                  (Application for admission *pro hac vice*
                                  forthcoming)

                                  **DLA PIPER LLP (US)**
                                  1000 Louisiana Street, Suite 2800
                                  Houston, TX  77002-5005
                                  Tel: 713.425.8400
                                  Fax: 713.425.8401
                                  gray.stratton@dlapiper.com
                                  brett.solberg@dlapiper.com
                                  betsey.boutelle@dlapiper.com

                                  **ATTORNEYS FOR PLAINTIFF
                                  SOUTHERN POVERTY LAW CENTER**

8